UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61714

PATRICKA R. FORDE,

    Plaintiff,

v.

NATIONAL ENTERPRISE
SYSTEMS, INC.,

    Defendant.

_____/

CIV - COOKE

MAGISTRATE JUDGE
BROWN

FILED by ____ D.C.
INTAKE

NOV 26 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, PATRICKA R. FORDE, is a natural person who resides in Broward County, Florida.

4. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., is believed to be a corporation with its principal place of business at 29125 Solon Road, Solon, Ohio 44139.

5. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from a cellular telephone service with Verizon Wireless, Inc. which Plaintiff used for personal, family or household purposes.

8. Plaintiff did have an account with Verizon Wireless, Inc., however, she closed the account, with no balance due at the time of closure.

9. Plaintiff believes an unauthorized person surreptitiously obtained confidential account information and reopened the account and accrued charges without Plaintiff's knowledge or consent.

10. Defendant left the following message on Plaintiff's voice mail on or about the date stated:

> <u>November 1, 2007</u>
> This message is for Pat Forde. This is May returning your call. My phone number is 1-800-925-6142. My extension is 1400.

2

11. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. On or about October 30, 2007, and on other occasions, Defendant communicated with Plaintiff's mother regarding the alleged debt.

15. Plaintiff did not consent to Defendant's communications with her mother.

16. No court gave Defendant permission to communicate with Plaintiff's mother.

17. The communications with Plaintiff's mother were not undertaken to effectuate a post judgment judicial remedy.

18. On or about October 30, 2007, Defendant informed Plaintiff's mother that Defendant would send a sheriff with a summons to her home on October 31, 2007 if the alleged debt was not paid immediately.

19. On or about November 1, 2007, Plaintiff returned Defendant's telephone call and was told that Defendant would send her a summons, she would have to go to court, and she would have to pay legal fees unless she paid the alleged debt immediately.

20. As of the filing of this Complaint Plaintiff has not received a summons from Defendant.

21. Based upon information and belief, Defendant did not intend to commence litigation against Plaintiff at the time Defendant threatened to do so and did not intend to commence litigation with the immediacy threatened.

22. Based upon information and belief, no attorney had exercised professional judgment with respect to Plaintiff's account at the time Defendant threatened legal action.

23. Plaintiff could not be required to pay the legal fees of Defendant for a debt she did not owe.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26.    Plaintiff incorporates Paragraphs 1 through 23.

27.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## THIRD PARTY DISCLOSURE IN VIOLATION OF 15 U.S.C §1692c(b)

28.     Plaintiff incorporates Paragraphs 1 through 23.

29.     Defendant communicated with a third party, Plaintiff's mother, in connection with the collection of the alleged debt in violation of 15 U.S.C §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT IV
## CREATION OF A FALSE SENSE OF URGENCY

30.     Plaintiff incorporates Paragraphs 1 through 23.

31.     By threatening immediate litigation, Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages.

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT V
## FALSE THREAT OF LEGAL ACTION

32. Plaintiff incorporates Paragraphs 1 through 23.

33. Defendant falsely threatened imminent legal action when no attorney had exercised professional judgment with respect to the Plaintiff's account and when Defendant had no intent of undertaking immediate legal action in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT AND ABUSE IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates Paragraphs 1 through 23.

35. Defendant willfully engaged in conduct the natural consequence of which is to harass, oppress or abuse when it threatened both Plaintiff and Plaintiff's mother with immediate litigation if the alleged debt was not paid in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory, actual and punitive damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT VII
## DECLARATORY RELIEF AND PERMANENT INJUCTION

36. Plaintiff incorporates Paragraphs 1 through 23.

37. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's failure to disclose its name and failure to disclose it is a debt collector in telephone messages to consumers is in violation of the FDCPA.

38. Plaintiff seeks a permanent injunction prohibiting Defendant from failing to disclose its name and failing to disclose it is a debt collector in telephone messages to consumers.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendant's practices violate the FDCPA;

b. permanently injoining Defendant from engaging in the violative practices;

c. Attorney's fees, litigation expenses and costs of suit; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 21 day of November, 2007.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED by D.C. INTAKE NOV 26 2007 CLARENCE MADDOX CLERK U.S. DIST. CT.**

**07-61714**

**CIV-COOKE**

## I(a) PLAINTIFFS
Patricka R. Forde

## DEFENDANTS
National Enterprise Systems, Inc.

**MAGISTRATE JUDGE BROWN**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **BROWARD** (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)
0:07cv61714-Cooke-Brown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** **1-2** days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  |  |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **B PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 442 Employment / ☐ 530 General* | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other* | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights *A or B | ☐ 791 Employee Ret. Inc. Security Act B |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  |  |  | ☒ 890 Other Statutory Actions* *A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- [x] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P.23
CLASS ACTION No   DEMAND s N/A
Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 21, 2007   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. 541610   Amount: 350
Date Paid: _____   M/fp: _____

S/F 1-2
REV. 9/94

FTL/LINP/266449/5pld01!.DOC/11/05/07/26094.010400